# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JEFFREY ROSENTHAL, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW MORRIS, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:17-cv-01196-RJS-PMW <br><br> Chief District Judge Robert J. Shelby <br><br> Chief Magistrate Judge Paul M. Warner |

Chief District Judge Robert J. Shelby referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Jeffrey Rosenthal's ("Rosenthal") (1) motion to compel production of documents[2] and (2) motion to expedite his motion to compel.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

In his motion to compel, Rosenthal requests a court order requiring Defendant Matthew Morris ("Morris") to fully respond to Rosenthal's interrogatories no. 19 and 20 and document

---

[1] *See* docket no. 12.

[2] *See* docket no. 21.

[3] *See* docket no. 23.

requests no. 5 and 6 (collectively, "Discovery Requests"). The Discovery Requests seek information about Morris' financial status. Rosenthal argues that discovery of such information is proper when punitive damages are claimed, as in this case.

In response, Morris relies upon Utah Code section 78B-8-201(2)(a) to argue that Rosenthal is not entitled to the requested discovery concerning Morris' financial status. Section 78B-8-201(2)(a) provides:

> Discovery concerning a party's wealth or financial condition may only be allowed after the party seeking punitive damages has established a prima facie case on the record that an award of punitive damages is reasonably likely against the party about whom discovery is sought and, if disputed, the court is satisfied that the discovery is not sought for the purpose of harassment.

Utah Code § 78B-8-201(2)(a).

Morris' argument has been previously considered by this court and rejected. *See Free Conference Call Holdings, Inc. v. Powerhouse Commc'ns, LLC*, No. 2:07-CV-893-CW, 2009 WL 2916749, at *2 (D. Utah Sept. 8, 2009) ("[T]he requirement that claimant establish a prima facie case applies to the admissibility of evidence about financial status, not its discoverability. More importantly, discovery is a procedural matter that is governed in federal court by the Federal Rules of Civil Procedure. Thus, state discovery practices are usually irrelevant.") (quotations, citations, and footnotes omitted); *see also E.E.O.C. v. Holmes & Holmes Indus., Inc.*, No. 2:10-CV-955-DAK-PMW, 2011 WL 5118306, at *3 (D. Utah Oct. 27, 2011) (same). The court concludes that the reasoning of those cases applies here. Accordingly, Morris' argument is without merit, and Rosenthal's motion to compel is granted. Morris shall provide full responses to the Discovery Requests within thirty (30) days after the date of this order.

As part of his motion to compel, Rosenthal requests an award of reasonable expenses incurred in connection with his motion. *See* Fed. R. Civ. P. 37(a)(5)(A). Based upon the arguments presented, the court concludes that Morris' position was substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Furthermore, the court concludes that an award of reasonable expenses is not warranted under the circumstances. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Therefore, Rosenthal's request for an award of reasonable expenses is denied.

In light of the foregoing rulings, Rosenthal's motion to expedite his motion to compel has been rendered moot.

In summary, IT IS HEREBY ORDERED:

1. Rosenthal's motion to compel production of documents[4] is GRANTED.

2. Morris shall provide full responses to the Discovery Requests within thirty (30) days after the date of this order.

3. Rosenthal's request for an award of reasonable expenses is DENIED.

4. Rosenthal's motion to expedite his motion to compel[5] is MOOT.

IT IS SO ORDERED.

DATED this 23rd day of January, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *See* docket no. 21.

[5] *See* docket no. 23.