IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| JEFFREY ROSENTHAL,<br><br>Plaintiff,<br>v.<br><br>MATTHEW MORRIS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:17-cv-01196-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

This personal injury action arises out of an accident that occurred while the parties were riding the alpine coaster in February 2016 at Park City Mountain Resort (PCMR) in Park City, Utah. Plaintiff Jeffrey Rosenthal was descending the alpine coaster in a cart he shared with his minor son when he was hit from behind by Defendant Matthew Morris, who was descending the alpine coaster directly behind Plaintiff in a cart he was sharing with his minor daughter. The force of the collision threw Plaintiff's head forward into his son's helmet, causing significant damage to one of Plaintiff's front teeth. Plaintiff alleges Defendant intentionally crashed into him and asserts several causes of action against Defendant, including battery, recklessness, negligence, and infliction of emotional distress. Plaintiff requests relief in the form of both compensatory and punitive damages.

Now before the court is Defendant's Motion for Partial Summary Judgment,[1] in which Defendant seeks dismissal of Plaintiff's claim for punitive damages. For the reasons explained below, Defendant's Motion is DENIED.

---

[1] Dkt. 66.

## BACKGROUND[2]

The alpine coaster at PCMR allows riders to drive a cart down a mountain on a metal track.[3]  The carts have wheels that grip the track, and each cart is equipped with a brake, allowing the driver to control their speed as they travel down the track.[4]  PCMR employees take care to place substantial space between each cart to minimize the risk that carts could crash into each other.[5]  The rules for riding the alpine coaster and other safety signage are posted throughout the embarkation area.[6]

On the afternoon of February 19, 2016, Plaintiff and his twelve-year-old son decided to ride the alpine coaster following a day of skiing.[7]  PCMR employees directed Plaintiff's son to sit on Plaintiff's lap during the ride.[8]  Plaintiff and his son were both wearing ski helmets.[9]  The descent on the alpine coaster, including the accident and the events following the accident, were captured by a GoPro video device utilized by Plaintiff's son during and after their ride.[10]

During the approximately ten-minute ride, Plaintiff continually slowed and at times stopped his cart to maintain an adequate distance between his own cart and the slow-moving cart in front of him.[11]  As Plaintiff was nearing the end of the ride, he again came to a complete stop

---

[2] Because this Order resolves a motion for summary judgment, the court will "consider the evidence in the light most favorable to the non-moving party."  *Duvall v. Georgia-Pacific Consumer Products, L.P.*, 607 F.3d 1255, 1259 (10th Cir. 2010) (internal quotation marks and citation omitted).

[3] *See* Dkt. 2 (Complaint) ¶ 8.

[4] *Id.*

[5] *Id.* ¶ 10.

[6] *See* Dkt. 67-9 (Plaintiff's Opp. to Motion for Partial Summary Judgment), Exhibit 8 (Investigator's Report), at 11–29, photos 1–19.

[7] Dkt. 2 ¶¶ 6, 11.

[8] *Id.* ¶ 12.

[9] *Id.* ¶ 13.

[10] Dkt. 66 at 1–3.

[11] Dkt. 2 ¶ 19.

to ensure enough space between his cart and the cart directly ahead.[12]  While Plaintiff was stopped, his cart was struck from behind by the cart operated by Defendant and his daughter.[13] Immediately prior to the collision, Plaintiff alleges he heard Defendant say to his daughter "smash them," before Defendant allegedly crashed into Plaintiff at full speed.[14]  Plaintiff's head was thrown forward, and his face smashed into his son's helmet, the force of which broke and dislodged one of Plaintiff's front teeth.[15]

Defendant denies that he stated "smash them," and he further maintains that the accident was unintentional.[16]  Rather, Defendant argues he was unable to stop his cart in time to avoid the collision because Plaintiff was unexpectedly at a complete stop on the downward portion of the alpine coaster.[17]  Moreover, according to Defendant, the contemporaneous GoPro video and audio of the incident taken by Plaintiff's son does not support that the accident was deliberate because the alleged utterance of the words "smash them" were not captured on the GoPro audio.[18]

Defendant argues the sole basis for Plaintiff's claim that Defendant's actions are subject to punitive damages is the unsubstantiated assertion that Defendant said "smash them" immediately prior to the collision.[19]  Defendant further argues that because Plaintiff cannot meet his burden of proof showing by clear and convincing evidence that Defendant's conduct was

---

[12] *Id.* ¶ 21.

[13] *See* Dkt. 66 at 1.

[14] Dkt. 2 ¶ 24.

[15] *Id.* ¶¶ 25–26.

[16] Dkt. 66 at 2.

[17] *Id.*

[18] *Id.* at 11.

[19] *Id.* at 10.

willful and malicious or that Defendant acted with reckless indifference toward the rights of

Plaintiff, the claim for punitive damages fails as a matter of law.[20]   Defendant now moves for

partial summary judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if the moving party shows "there is no genuine issue as

to any material fact" and that it is "entitled to judgment as a matter of law."[21]   "A 'material' fact

is one 'that might affect the outcome of the suit under the governing law,' and a 'genuine' issue

is one for which 'the evidence is such that a reasonable jury could return a verdict for the

nonmoving party.'"[22]

In the Tenth Circuit, "the moving party carries the burden of showing beyond a

reasonable doubt that it is entitled to summary judgment."[23]   This burden may be met by

demonstrating "that the nonmoving party does not have enough evidence to carry its burden of

persuasion at trial."[24]   When determining whether a nonmovant has provided sufficient evidence,

"the judge's function is not himself to weigh the evidence and determine the truth of the matter

but to determine whether there is a genuine issue for trial."[25]   This threshold inquiry ascertains

---

[20] *Id.* at 2.

[21] Fed. R. Civ. P. 56(a).

[22] *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[23] *Id.* (internal quotation marks, alteration, and citation omitted).  Even though Defendant in this case "does not have the ultimate burden of persuasion at trial," he has "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law."  *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002) (citation omitted).

[24] *Trainor*, 318 F.3d at 979.

[25] *Liberty Lobby*, 477 U.S. at 249.   "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" *Id.* at 255.

whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[26]

In ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."[27]  Nonetheless, "the judge must view the evidence presented through the prism of the substantive evidentiary burden."[28] Here, the burden of proof is clear and convincing evidence.[29]  "The question therefore becomes 'whether the evidence presented is such that a jury applying' the clear and convincing evidence 'standard could reasonably find for either the plaintiff or the defendant.'"[30]  Summary judgment is appropriate if a reasonable jury could not return a verdict awarding punitive damages to the Plaintiff based on the evidence presented.[31]

## PUNITIVE DAMAGES STANDARD

Under Utah law, punitive damages may be awarded only if a plaintiff establishes by clear and convincing evidence that the acts or omissions of the defendant "are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others."[32]  "[F]or a matter to be clear and

---

[26] *Id.* at 250.

[27] *Id.* at 255.

[28] *Id.* at 254.

[29] *See* Utah Code Ann. § 78B-8-201(1)(a) (2021) (explaining that punitive damages may be awarded only if "it is established by clear and convincing evidence" that the tortfeasor's conduct was willful and malicious or manifested a knowing and reckless indifference to the rights of others).

[30] *Tabor v. The Metal Ware Corp.*, No. 2:99-cv-00503-CW, 2009 WL 311865, at *2 (D. Utah Feb. 6, 2009) (unpublished) (quoting *Liberty Lobby*, 477 U.S. at 255).

[31] *Id.*

[32] Utah Code Ann. § 78B-8-201(1)(a) (2021).

convincing to a particular mind it must at least have reached the point where there remains no serious or substantial doubt as to the correctness of the conclusion."[33]

Punitive damages should be awarded only in exceptional cases, and they are "not intended to vent vindictiveness."[34]  Although actual intent to cause injury is not necessary, the Utah Supreme Court requires a showing that "a defendant must know or ought to know (1) that a high degree of probability exists that the conduct would result in substantial harm; (2) that the conduct is highly unreasonable or an extreme departure from ordinary care; and (3) that a high degree of danger is apparent."[35]  "Simple negligence will never suffice as a basis upon which [punitive] damages may be awarded."[36]  Although the punitive damages standard is fact specific, where "reasonable minds could not differ in concluding" that the evidence does not meet this standard, "the court should eliminate the issue of punitive damages as a matter of law."[37]

## ANALYSIS

It is undisputed that Defendant's cart crashed into the back of Plaintiff's cart while both parties were riding the alpine coaster at PCMR.  It is also undisputed that Plaintiff was injured due to the collision.  But the parties dispute whether Plaintiff is entitled to punitive damages because the collision was the result of Defendant's willful or malicious conduct.  Plaintiff argues that Defendant's alleged utterance of "smash them" immediately before the collision provides sufficient evidence showing Defendant's conduct was willful and malicious.[38]  Defendant insists

---

[33] *Boyette v. L.W. Looney & Son, Inc.*, 932 F.Supp. 1344, 1347 (D. Utah 1996).

[34] *Behrens v. Raleigh Hills Hosp., Inc.*, 675 P.2d 1179, 1186–87 (Utah 1983).

[35] *Boyette*, 932 F.Supp. at 1347 (citing *Gleave v. Denver and Rio Grande Western R. Co.*, 749 P.2d 660, 670 (Utah Ct. App. 1988) (quoting *Behrens*, 675 P.2d at 1186–87)) (internal quotation marks omitted).

[36] *Behrens*, 675 P.2d at 1186.

[37] *See TL Crowther, LLC v. Rocky Mountain Pipeline Sys., LLC*, No. 1:08-cv-141-TS, 2011 WL 1086107, at *1 (D. Utah Mar. 23, 2011) (quoting *Biswell v. Duncan*, 742 P.2d 80, 86 (Utah Ct. App. 1987)).

[38] *See* Dkt. 67 (Plaintiff's Opposition) at 21.

he never said "smash them," and the contemporaneous video and audio of the incident do not provide evidence that he uttered those words.[39]  As such, Defendant argues Plaintiff's unsubstantiated allegation cannot support the argument that Defendant's actions were willful or malicious.  The question now before the court is whether a jury applying the clear and convincing evidence standard could reasonably find for either Plaintiff or Defendant based on the evidence presented.[40]  The court finds that it could.

Defendant asserts that the only basis for Plaintiff's claims that Defendant's actions were willful and malicious is the unsubstantiated claim that Defendant allegedly said "smash them" immediately prior to the collision.[41]  Not only does Defendant deny ever saying that phrase, he also maintains that the contemporaneous GoPro audio of the incident did not capture Defendant yelling those words.[42]  Moreover, Plaintiff himself conceded in his deposition that, when viewing the GoPro video of the incident, Plaintiff did not hear Defendant yell "smash them."[43]  Based on this lack of evidence, Defendant insists "there is simply no scenario in this case where Plaintiff's unsupported allegation . . . satisfies the clear and convincing evidence standard of proof which would allow punitive damages to be presented to the jury."[44]

In response, Plaintiff argues that Defendant's alleged utterance of "smash them" is only one of many ways in which Plaintiff may prove Defendant acted willfully and maliciously.[45]

---

[39] *See* Dkt. 66 at 10–11.

[40] *See Liberty Lobby*, 477 U.S. at 255.

[41] Dkt. 66 at 10.

[42] *Id.*

[43] *Id.*; *see also* Dkt. 66-3, Ex. 2 (Transcript of Depo. of Plaintiff Jeffrey Rosenthal), at 55: 1–4.

[44] Dkt. 66 at 11.

[45] *See* Dkt. 67 at 21.  Plaintiff also plans to offer several Facebook photos and posts as evidence that Defendant is the sort of person who frequently engages in reckless activities, indicating Defendant would also recklessly and intentionally crash into another cart.  *See id.* at 22.  Defendant objects to this evidence, arguing that, among other things, it is inadmissible character evidence pursuant to Federal Rule of Evidence 404(a)(1).  *See* Dkt. 68 (Defendant's Reply) at 13–14; Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or

Nonetheless, Plaintiff maintains there is a disputed issue of material fact for the jury to consider as to whether Defendant said "smash them."[46]  First, Plaintiff insists he heard Defendant say "smash them" with his own ears just before the collision.[47]  And Plaintiff has consistently maintained this allegation, telling PCMR employees just after the incident that he heard Defendant utter those words and testifying the same at his deposition more than two years later.[48]

Second, although Plaintiff acknowledges he did not hear Defendant utter the phrase "smash them" on the contemporaneous audio recording, he argues that the older-model GoPro's audio device was not sensitive enough to capture Defendant's yells or screams while Defendant was on the track either before or after the collision.[49]  As proof, Plaintiff points to Defendant's deposition testimony where Defendant confirmed that immediately after the collision, Defendant "yelled" and "screamed" to ensure that the next rider coming down the track behind Defendant would not hit him while he was stopped at the location of the collision.[50]  However, Defendant conceded that when he viewed the GoPro video, he was not able to hear his own yells on the recording.[51]  Based on this evidence, Plaintiff contends Defendant has failed to show the GoPro audio was even capable of capturing Defendant's alleged utterance of "smash them."[52]

---

dispute a fact cannot be presented in a form that would be admissible in evidence.").  Because the court is also concerned about the admissibility of this evidence, it will not consider it as part of this Motion.

[46] Dkt. 67 at 21.

[47] *Id.* at 5.

[48] *Id.*  Plaintiff's deposition was conducted on October 23, 2019.  *See* Dkt. 66-3.

[49] Dkt. 67 at 5.

[50] *Id.* at 5–6; *see also* Dkt. 67-2, Ex. 1 (Transcript of Depo. of Defendant Matthew Morris) at 173: 13–24; 174: 14–16.

[51] *Id.*

[52] *Id.* at 24.

Finally, the GoPro device utilized by Plaintiff's son during the incident was an older-model device lacking an external microphone.[53]  Here, the device was used outdoors while subjected to wind and ambient background noise, it was enclosed within an airtight case, it was facing away from the audio source, and the audio source was not immediately adjacent to the device.[54]  Plaintiff maintains all of these circumstances significantly diminished the audio capabilities of the device, rendering it incapable of capturing the alleged utterance "smash them."[55]  Plaintiff argues Defendant offers no evidence to support a contrary conclusion.[56]  The court agrees with Plaintiff.

Summary judgment is not appropriate if there is a dispute concerning a genuine issue of material fact.  Such is the case here.  Whether Defendant said the words "smash them" is critical in determining whether Defendant acted willfully and maliciously when the accident occurred and thus, whether Plaintiff may be entitled to an award of punitive damages.  Plaintiff insists Defendant said "smash them," but Defendant adamantly denies ever saying any such thing.  As the Supreme Court has explained, "[A]ll that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."[57]  Viewing the facts in the light most favorable to the nonmoving party, as the court must at summary judgment, Plaintiff has consistently maintained at every stage of this action that he heard Defendant say "smash them."  Further, Plaintiff has also provided evidence that the GoPro device was incapable of capturing the alleged utterance due to

---

[53] *Id.*

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Liberty Lobby*, 477 U.S. at 249 (internal quotation marks and citation omitted).

its technical shortcomings and distance from the audio source.  The court finds that the weighing of this evidence is the sole province of the jury.

Moreover, given the nature of the activity in which the parties were engaged at the time of the accident, the court concludes there is sufficient evidence from which a reasonable jury could conclude Defendant knew or ought to have known that a high degree of danger was apparent.[58]  Further, a jury could conclude Defendant should have known that his alleged conduct would, with a high degree of probability, result in substantial harm and was highly unreasonable or an extreme departure from ordinary care.[59] An alpine coaster consists of large carts racing down a mountainside at high speeds on a metal track.  Riders are required to sign a waiver form before they ride[60] and are given safety instructions on multiple occasions from staff members.[61]  Safety signage is also posted regularly throughout the ride's staging area.[62]  Riders are required to maintain at least eighty feet between their cart and the cart in front of them, and bumping into another cart is strictly prohibited.[63]  Nevertheless, the carts are designed to come to a complete stop within three meters (or approximately ten feet) once the brake is engaged.[64]

In viewing Plaintiff's evidence, and drawing all justifiable inferences in Plaintiff's favor,[65] the court finds the evidence could support a jury finding that Defendant knew or should have known his alleged conduct would result in substantial harm to another.  Riding an alpine

---

[58] *See Boyette*, 932 F.Supp. at 1347.

[59] *See id.*

[60] *See* Dkt. 66-3, Ex. 2 at 25: 1–5; 26: 1–20.

[61] *See id.* at 26: 21–25; 27: 1–10; 27: 24–25; 28: 1–22; 29: 14–25; 30: 1–4.

[62] *See* Dkt. 67-9, Exhibit 8 at 11–29, photos 1–19.

[63] *See id.* at 13, photo 3; 15, photo 5; 16, photo 6; 25, photo 15.

[64] *See* Dkt. 67-6, Exhibit 5 (Wiegand Brochure) at 12 ("When using the manual brake the maximum stopping distance is 3m.  This outstanding braking performance is achieved via powerful brake pads that embrace the brake tube like a vise.").

[65] *Liberty Lobby*, 477 U.S. at 254.

coaster is an inherently dangerous activity.  Failure to follow the rules by maintaining the appropriate distance between carts and not stopping to avoid a collision are extreme departures from ordinary care.  And crashing a cart at a high rate of speed into another nonmoving cart poses a high degree of danger that the occupants inside the stopped cart could be injured.  A reasonable jury could conclude, on the evidence presented, that Plaintiff is entitled to punitive damages.  Accordingly, the issue of punitive damages must be submitted to the jury.[66]

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is DENIED.[67]

SO ORDERED this 11th day of June 2021.

BY THE COURT:

ROBERT J. SHELBY
Chief United States District Judge

---

[66] Defendant additionally argues that Plaintiff's intention to provide speculative future expert discovery provides no legal basis to withstand the instant summary judgment motion.  Having determined that Plaintiff has provided sufficient evidence to establish a triable issue of fact, it is unnecessary for the court to address this argument.  The evidence now before the court is enough for a reasonable jury to conclude that Defendant's actions were the result of willful and malicious conduct or a reckless indifference toward the rights of Plaintiff.  *See* Utah Code Ann. § 78B-8-201(1)(a) (2021).

[67] Dkt. 66.